Argued at Pendleton May 2, affirmed June 7, 1927.

## H. S. WINN v. E. C. RANSOM ET AL.

(255 Pac. 392.)

**Mechanics' Liens—Plaintiff had Burden to Show Modification of Written Contract, Granting Extension of Time, in Action to Foreclose Lien for Sinking Wells.**

In action to foreclose lien on real property for sinking two wells, burden of proof was on plaintiff to establish modification of contract in writing between him and defendant whereby he was granted extension of time for doing work.

<hr/>

Appeal and Error, 4 **C. J.**, p. 885, n. 39.
Contracts, 13 **C. J.**, p. 762, n. 8.
Burden of proof in action for foreclosure of mechanic's lien, see note in 13 **L. R. A.** 705. See, also, 18 **R. C. L.** 987.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

This suit was instituted to foreclose a lien on real property claimed by plaintiff for sinking two wells therein. The work was done under a contract between the plaintiff and the defendant E. C. Ransom dated July 6, 1926, and contains the following provisions:

"The second party agrees to commence work on said well within ten days of the date hereof and to continue the work and complete same in a reasonable time thereafter, delays by sickness or unavoidable causes alone to be excused.

"The said first party agrees to pay to the second party for the locating and digging or drilling said well or wells as follows, viz.: the sum of two Dollars per gallon for all the water said well will produce during a period of twenty-four hours, up to and including five hundred gallons, provided that if said well produces less than one hundred fifty gallons same shall be considered a failure and no charge shall be made therefor, it being agreed that the well shall be measured as soon as well is completed and again on October 1st, 1926, and the October 1st measurement shall be final and settlement shall be made on amount of water well will produce in twenty-four hours on said October 1st, 1926.

"It is agreed that payment shall be made by first party to second party one half of amount within thirty days after completion of well and balance and final payment shall be made at once after the October measurement shall have been made."

The plaintiff himself was physically unable to perform the work. He employed a man by the name of Smith and another man as helper. The helper became sick and Smith nursed him during his sickness, claiming that no nurse could be had.

122 Or.—5

While the helper was convalescing Smith employed another man who also became sick. In consequence of this sickness little or no work was done during the month of August. The result of all the labor done was the sinking of one well 59½ feet and another one 39 feet. The quantity of water necessary to entitle plaintiff to recover any sum for his work was not found in either or both wells. Plaintiff claims that he was granted an extension of time in which to continue the work and sink the wells until water was found in sufficient quantity to entitle plaintiff to compensation under the contract. Defendants dispute the claim of plaintiff that he was granted an extension of time in which to carry out the contract. This presents the principal question involved in this appeal. The defendants also challenge the right to recover for the reasonable value of plaintiff's services under the contract, and assert that plaintiff's remedy, if any he has, is an action for damages for breach of contract, in case defendant Ransom breached the contract.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John C. Hurspool* and *Mr. James H. E. Scott*, with an oral argument by *Mr. Hurspool*.

For respondent there was a brief over the names of *Messrs. Rader & Bean* and *Messrs. Watts & Prestbye*, with an oral argument by *Mr. Homer I. Watts*.

COSHOW, J.—The evidence is very conflicting. Plaintiff relies exclusively on his own testimony and the testimony of his employee, Smith, and one other witness who worked with Smith in sinking the

wells. The burden of proof was on the plaintiff to establish the modification of the contract in writing between him and the defendant E. C. Ransom. The learned circuit judge saw the witnesses, observed their demeanor on the witness-stand and was in a better position to weigh the testimony than is this court. We have carefully read and considered the testimony and are persuaded that the learned Circuit Court found according to the weight of the testimony. It is unnecessary for us to decide the question raised by defendants regarding the right of plaintiff to sue for the value of the services rendered under the contract. It is admitted that he did not perform the contract. He claims that defendants breached it. In view of our finding that the plaintiff has failed to establish by a preponderance of the evidence that the contract was changed by agreement we have not considered the legal question raised by defendants. It is not contended that plaintiff performed his contract unless it was modified as he claims. Our conclusion is that the contract was not so modified. This conclusion requires an affirmance of the decree and it is so ordered.                    AFFIRMED.